```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

   EMMETT F. TAYLOR,
                                        1:18-cv-11310-NLH-AMD
         Plaintiff,
                                        **MEMORANDUM**
   v.                                   **OPINION & ORDER**

   THE STATE OF NEW JERSEY, THE
   OFFICE OF THE CAMDEN COUNTY
   PROSECUTOR, and THE OFFICE OF
   THE CAMDEN COUNTY PUBLIC
   DEFENDER,

         Defendants.

**APPEARANCES:**

EMMETT F. TAYLOR
3114 VIMY RIDGE AVENUE
NORFOLK, NJ 23509
     Appearing *pro se*

**HILLMAN**, District Judge

   WHEREAS, Plaintiff, Emmett F. Taylor, appearing *pro se*, has filed a complaint against Defendants, the State of New Jersey, the Office of the Camden County Prosecutor, and the Office of the Camden County Public Defender; and

   WHEREAS, Plaintiff claims that on January 10, 2015, he was arrested in Camden, New Jersey for sexual assault based on a false charge by his niece, an excessive bail was set, and he was improperly held in jail for over three years while enduring pressure by Defendants to accept a plea deal for a crime he did

not commit; and

WHEREAS, Plaintiff claims that he has suffered significant hardships as a result and seeks $77 million in damages; and

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon

which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, Plaintiff alleges various constitutional violations, and the Court therefore construes his claims against Defendants to be brought pursuant to 42 U.S.C. § 1983,[1] and to

---

[1] 42 U.S.C. § 1983 provides, in relevant part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

invoke subject matter jurisdiction under 28 U.S.C. § 1331[2]; but

WHEREAS, to state valid § 1983 claims, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed or caused by a person acting under color of state law, West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); and

WHEREAS, Plaintiff's claims, as they are currently pleaded, fail as a matter of law because the State of New Jersey, the Camden County Prosecutor's Office, and the Camden County Public Defender's Officer are not "persons" who can act under color of state law, see Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983); Henry v. Essex County Prosecutor's Office, 2017 WL 1243146, at *3 (D.N.J. 2017) (citing Grohs v. Yatauro, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (dismissing constitutional violation claims against the county prosecutor's office because it is not a person under § 1983); Nugent v. County of Hunterdon, 2010 WL 1949359, at *1 (D.N.J. 2010) ("[U]nder New Jersey law, a county prosecutor's office does not have a separate legal existence

---

[2] 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

apart from the individual prosecutors or the governmental entity that the prosecutors serve. Therefore, New Jersey courts have consistently held that a county prosecutor's office is not a suable entity under § 1983."); Johnson v. Bilotta, 2018 WL 534157, at *3 (D.N.J. 2018) ("It is well established that the Office of the Public Defender is not amenable to a § 1983 action as it is not a person within the meaning of § 1983." (internal quotations and citations omitted)); and

WHEREAS, to the extent that Plaintiff seeks to plead claims other than for constitutional violations, such as "gross negligence," Plaintiff has failed to state a specific legal basis for his claims, which is necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction.");

THEREFORE,

IT IS on this __11th__ day of __September__, 2018

ORDERED that Plaintiff's IFP application (Docket No. 1-2) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to file an amended complaint to plead constitutional claims against a defendant who is considered a "person" under § 1983, as well as another other claims, if he has a valid basis to do so. If

Plaintiff fails to file an amended complaint in such a manner, this case will be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

At Camden, New Jersey         s/ Noel L. Hillman
                              NOEL L. HILLMAN, U.S.D.J.