```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

EMMETT F. TAYLOR,

      Plaintiff,

v.

THE STATE OF NEW JERSEY, THE
OFFICE OF THE CAMDEN COUNTY
PROSECUTOR, and THE OFFICE OF
THE CAMDEN COUNTY PUBLIC
DEFENDER,

      Defendants.

1:18-cv-11310-NLH-AMD

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

EMMETT F. TAYLOR
3114 VIMY RIDGE AVENUE
NORFOLK, NJ 23509
    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, on July 2, 2018, Plaintiff, Emmett F. Taylor, appearing *pro se*, filed a complaint, pursuant to 42 U.S.C. § 1983, against Defendants, the State of New Jersey, the Office of the Camden County Prosecutor, and the Office of the Camden County Public Defender, for their alleged constitutional violations; and

    WHEREAS, Plaintiff also filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) pursuant to 28 U.S.C. § 1915(a)(1); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); and

WHEREAS, on September 11, 2018, the Court screened Plaintiff's complaint and granted his IFP application, but found that Plaintiff's complaint was deficient because: (1) the State of New Jersey, the Camden County Prosecutor's Office, and the Camden County Public Defender's Officer are not "persons" who can act under color of state law under § 1983; and (2) to the extent that Plaintiff sought to plead claims other than for constitutional violations, such as "gross negligence," Plaintiff failed to state a specific legal basis for his claims, which is necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a); and

WHEREAS, the Court provided Plaintiff with twenty (20) days to amend his complaint to properly cure the deficiencies, but ordered that if Plaintiff failed to do so, the case would be dismissed for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3); and

WHEREAS, Plaintiff has not filed an amended complaint,

which was due on October 1, 2018;[1]

THEREFORE,

IT IS on this  9th   day of  October  , 2018

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction.  The Clerk of the Court is directed to mark this matter as CLOSED.

At Camden, New Jersey

       s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.

---

[1] When Plaintiff filed his complaint, he completed a "Consent & Registration Form to Receive Documents Electronically." (Docket No. 1-5.)  The Court's September 11, 2018 Order was electronically mailed to Plaintiff on that date.