```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

EMMETT F. TAYLOR,

                                                        1:18-cv-11310-NLH-AMD

    Plaintiff,

v.                                                **OPINION**

THE STATE OF NEW JERSEY, THE
OFFICE OF THE CAMDEN COUNTY
PROSECUTOR, and THE OFFICE OF
THE CAMDEN COUNTY PUBLIC
DEFENDER,

    Defendants.

**APPEARANCES:**

EMMETT F. TAYLOR
3114 VIMY RIDGE AVENUE
NORFOLK, NJ 23509

    *Appearing pro se*

**HILLMAN**, District Judge

    On July 2, 2018, Plaintiff, Emmett F. Taylor, appearing pro se and in forma pauperis,[1] filed a complaint against Defendants, the State of New Jersey, the Office of the Camden County Prosecutor, and the Office of the Camden County Public Defender. After screening the Complaint pursuant to 28 U.S.C. § 1915,[2] the

---

[1] Plaintiff filed an application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which the Court granted. (Docket No. 2.)

[2] The screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things,

Court construed the claim as one made pursuant to 42 U.S.C. § 1983 alleging a civil rights claim against state and county defendants for violations of the federal constitution. The Court's September 11, 2018 Memorandum Opinion and Order found that Plaintiff's complaint was deficient, however, because the State of New Jersey, the Camden County Prosecutor's Office, and the Camden County Public Defender's Office are not "persons" who can act under color of state law under § 1983 and are not therefore proper defendants in federal court in a case alleging violations of the federal constitution.

The Court also scrutinized the complaint for any other cognizable claims and noted that while it contained an assertion of "gross negligence," Plaintiff failed to set forth the basis for the Court's jurisdiction over such a claim against the named

---

the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."). Although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted).

defendants.  (Docket No. 2.)

The Court provided Plaintiff with twenty days to amend his complaint to properly cure the deficiencies, but ordered that if Plaintiff failed to do so, the case would be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).  On October 9, 2018, the Court dismissed Plaintiff's complaint because he had not filed an amended complaint, which was due on October 1, 2018.  (Docket No. 3.)

On October 19, 2018, Plaintiff filed a letter (Docket No. 4), which the Court will construe as Plaintiff's request that the Court reconsider[3] the October 9, 2018 Order dismissing his

---

[3] A motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i): The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Id.  A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel.

case.[4]  In Plaintiff's letter, Plaintiff asks for this Court's guidance on how to properly allege subject matter jurisdiction and how to assert viable claims.

The Third Circuit has explained that pro se litigants are afforded greater leeway in the interpretation of their pleadings, and they must receive notice "when a court acts on its own in a way that significantly alters a pro se litigant's rights."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).  There are limits to the procedural flexibility, however.  "For example, pro se litigants still must allege sufficient facts in their complaints to support a claim.  And they still must serve process on the correct defendants.  At the end of the day, they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."  Id. (citations omitted).

Additionally, "pro se litigants do not have a right to

---

C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); U.S. v. Tuerk, 317 F. App'x 251, 253 (3d Cir. 2009) (quoting Mayberry v. Maroney, 529 F.2d 332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances'").

[4] On October 30, 2018, Plaintiff filed a notice of appeal with the Third Circuit Court of Appeals.  Despite Plaintiff's appeal, this Court may still address Plaintiff's request for reconsideration.  See Fed. R. App. P. 4(a)(4).

general legal advice from judges." Id. "[C]ourts need not provide substantive legal advice to pro se litigants" because federal courts must "treat pro se litigants the same as any other litigant." Id.

Thus, the Court cannot provide the guidance that Plaintiff seeks, other than to reiterate what the Court stated in the original screening order. To state a valid federal civil rights claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

The Defendants named in Plaintiff's complaint - the State of New Jersey, the Camden County Prosecutor's Office, and the Camden County Public Defender's Officer - are not "persons" who can act under color of state law. This is true for the State of New Jersey. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983). It is equally true for the Camden County Prosecutor's Office. Henry v. Essex County Prosecutor's Office, 2017 WL 1243146, at *3 (D.N.J. 2017) (citing Grohs v. Yatauro, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (dismissing

5

constitutional violation claims against the county prosecutor's office because it is not a person under § 1983); Nugent v. County of Hunterdon, 2010 WL 1949359, at *1 (D.N.J. 2010) ("[U]nder New Jersey law, a county prosecutor's office does not have a separate legal existence apart from the individual prosecutors or the governmental entity that the prosecutors serve. Therefore, New Jersey courts have consistently held that a county prosecutor's office is not a suable entity under § 1983."). And it is also true for the Camden County Public Defender's Office. Johnson v. Bilotta, 2018 WL 534157, at *3 (D.N.J. 2018) ("It is well established that the Office of the Public Defender is not amenable to a § 1983 action as it is not a person within the meaning of § 1983." (internal quotations and citations omitted)).

Stated directly, the Court has endeavored to explain to Plaintiff - not that he has no claim - but that he has failed to name proper defendants; that is, he has attempted to sue not individuals but offices or entities who may not be sued in federal court for the claims asserted in his complaint as fairly construed. To assert a violation of his federal constitutional rights, Plaintiff must sue one or more proper defendants. Consequently, as the Court previously found, Plaintiff's § 1983 claims against these particular Defendants fail as a matter of law. (See Docket No. 3.) As Plaintiff is proceeding in forma

pauperis and as the Court previously made clear, the Court is directed by statute to dismiss claims that fail to state a claim by omitting an essential element (here a "person" acting under state law) or that assert claims against defendants who are immune from such suits.[5]

With regard to Plaintiff's claims for gross negligence, the Court is still unable to discern any basis for jurisdiction over such a claim even assuming it to be viable.[6] In his letter to

---

[5] See supra note 2.

[6] The Court also notes that a plaintiff who wishes to assert a common law claim against the State of New Jersey or other public entities must comply with the New Jersey Tort Claims Act ("NJTCA"), which requires written pre-suit notice of such a claim within 90 days, but no later than one year, after such a claim accrues. Martin v. Unknown U.S. Marshals, 965 F. Supp. 2d 502, 549 (D.N.J. 2013) (citing N.J.S.A. 59:8-3); N.J.S.A. 59:8-9; N.J.S.A. 59:1-3 (defining "[p]ublic entity" as including "the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State"); Rogers v. Cape May County Office of Public Defender, 31 A.3d 934, 937 (N.J. 2011) (explaining that claims for damages against a public entity and a public employee are subject to the provisions of the NJTCA); Beauchamp v. Amedio, 751 A.2d 1047, 1049 (N.J. 2000) (explaining that the state and other public entities are immune from suit except as provided under the NJTCA); Nieves v. Office of the Public Defender, 2018 WL 6186555, at *2 (N.J. Super. Ct. App. Div. 2018) ("It is clear from the cited Supreme Court precedent the [Office of the Public Defender] is a public entity and public defenders are public employees that come within the TCA's immunities and defenses."). Absent extraordinary circumstances, the failure to comply with the NJTCA's notice of claim provisions is an absolute bar to recovery. Id. (citing N.J.S.A. 59:8-8). Plaintiff's complaint does not indicate whether he complied with the NJTCA, but the Court is precluded from sua sponte dismissing Plaintiff's state

7

the Court, Plaintiff states that he is currently residing with his daughter in Virginia, and he lists Virginia as his address in the "Parties" section in his complaint. However, and importantly, Plaintiff asserts that he is only residing with his daughter temporarily and not at "home" in Camden because of unspecified security concerns. (Docket No. 4). In his complaint, Plaintiff clearly identifies the city and state of his legal residence as Camden, New Jersey. (Docket No. 1-2 at 5.) To the extent that the Court could construe Plaintiff's complaint to assert subject matter jurisdiction for his gross negligence claim under 28 U.S.C. § 1332(a), it appears on the face of Plaintiff's submissions to the Court that diversity of citizenship is lacking. See McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of

---

law claim on that basis. Castro v. Atlantic County, 2018 WL 3122065, at *9 (D.N.J. 2018) (explaining that the text of the NJTCA does not require that a plaintiff's compliance with the statute must be pleaded in a complaint in order to satisfy its procedural requirements, and instead, compliance with the NJTCA is an affirmative defense a defendant must aver in its answer). The Court raises the NJTCA only to explain that Plaintiff's gross negligence claim could possibly be viable against the named Defendants, so long as subject matter jurisdiction could be established, and Plaintiff either complied with the NJTCA, or Defendants waive the NJTCA as an affirmative defense.

returning.'" (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973))); Vanz, LLC v. Mattia & Assocs., No. 13-1392, 2016 WL 3148400, at *3 (D.N.J. May 17, 2016) ("The citizenship of a natural person is determined by their domicile, not their residence(s). That is because a natural person may have many residences, but only one domicile. Domicile is the location of a person's 'true fixed home . . . to which, whenever he is absent, he has the intention of returning.'" (alterations in original) (footnote omitted)). Since Plaintiff is a citizen of the same state as the defendants, the Court lacks diversity jurisdiction and subject matter jurisdiction on that basis. To be clear, Plaintiff has not properly asserted diversity jurisdiction at any time.[7]

Even though Plaintiff did not timely respond to the screening order by submitting an amended complaint, Plaintiff's letter has expressed his desire to pursue claims he believes are valid and he professes a lack of understanding concerning his pleading obligations which the Court hopes will be clarified by

---

[7] In the Civil Cover Sheet, Plaintiff checks the box for diversity jurisdiction but admits simultaneously on the same form that he and the named defendants are all citizens of New Jersey. (Docket No. 1, Attachment #1 Civil Cover Sheet.) In the Complaint itself, Plaintiff asserts the presence of a U.S. government defendant as the basis for the Court's jurisdiction. Plaintiff's complaint does not make any allegations against a federal defendant of any kind. (Docket No. 1.)

this Opinion.  Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Although the Court has already provided Plaintiff with one opportunity, it is still possible, in light of the nature of Plaintiff's factual assertions, that he may be able to amend his Complaint to add individual defendants who are amenable to suit or to add other cognizable claims.

Accordingly, the Court will grant Plaintiff's motion for reconsideration and also grant further leave to amend in order to allow Plaintiff one more opportunity to cure the pleading deficiencies noted here and previously.  See id.  Plaintiff will have thirty days from the date of this Opinion to file an amended complaint consistent with this Opinion.

An appropriate Order will be entered.


Date: February 6, 2019                s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.