```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

EMMETT F. TAYLOR,

    Plaintiff,

1:18-cv-11310-NLH-AMD

v.

**MEMORANDUM OPINION AND ORDER**

THE STATE OF NEW JERSEY, THE OFFICE OF THE CAMDEN COUNTY PROSECUTOR, and THE OFFICE OF THE CAMDEN COUNTY PUBLIC DEFENDER,

    Defendants.

**APPEARANCES:**

EMMETT F. TAYLOR
3114 VIMY RIDGE AVENUE
NORFOLK, NJ 23509

    *Appearing pro se*

**HILLMAN**, District Judge

    WHEREAS, on July 2, 2018, Plaintiff, Emmett F. Taylor, appearing *pro se*, filed a complaint, pursuant to 42 U.S.C. § 1983, against Defendants, the State of New Jersey, the Office of the Camden County Prosecutor, and the Office of the Camden County Public Defender, for their alleged constitutional violations; and

    WHEREAS, Plaintiff also filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) pursuant to 28 U.S.C. § 1915(a)(1); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); and

WHEREAS, on September 11, 2018, the Court screened Plaintiff's complaint and granted his IFP application, but found that Plaintiff's complaint was deficient in several ways (Docket No. 3); and

WHEREAS, the Court provided Plaintiff with twenty days to file an amended complaint; and

WHEREAS, Plaintiff failed to file an amended complaint, but instead filed a letter (Docket No. 4), which the Court construed to be a motion for reconsideration; and

WHEREAS, in consideration of Plaintiff's motion for reconsideration, the Court issued an Opinion and Order on February 6, 2019, which reiterated the reasons why Plaintiff's complaint was deficient, and provided Plaintiff with an additional thirty days to file an amended complaint (Docket No. 9, 10); and

WHEREAS, pursuant to the Court's February 6, 2019 Opinion and Order, Plaintiff filed an amended complaint (Docket No. 11); and

WHEREAS, the Court has screened Plaintiff's amended complaint;[1]

Consequently,

IT IS on this  14th  day of  February  , 2019 ORDERED that:

(1) Plaintiff's claims against the State of New Jersey, the Camden County Prosecutor's Office, and the Camden County Public Defender's Officer must be dismissed because they are not "persons" who can act under color of state law, as the Court has explained twice. (See Docket No. 2 at 5-6; Docket No. 9 at 5-6.)

(2) Plaintiff's claims against the individual Defendants Erin Fay, Felecia Felder, Ubong Ackmen, Luis Montoya,

---

[1] Plaintiff submitted for filing a form complaint provided to pro se litigants filled in with his handwriting (Docket No. 11 at 7-11), and a separate, typed document titled "Amended Complaint" (Docket No. 11 at 1-5). The form complaint does not contain any factually allegations and references the typed complaint. The Court construes Plaintiff's typed "Amended Complaint" to be the operative pleading, which names all the defendants he wishes to file suit against. In that regard, Plaintiff names Judge Richard F. Wells on the form complaint (Docket No. 11 at 8), but not in the typed complaint. Even if Plaintiff intended Judge Wells to be a defendant, Judge Wells must be dismissed because neither the form complaint nor the typed complaint contains any specific allegations against Judge Wells. See Fed. R. Civ. P. 8(a) )("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(a complaint must plead enough facts to state a claim to relief that is facially plausible).

William Harrison, and Diane Price may proceed;[2] and

IT IS FURTHER ORDERED that the Clerk shall issue a summons for Defendants Erin Fay, Felecia Felder, Ubong Ackmen, Luis Montoya, William Harrison, and Diane Price, and the U.S. Marshal shall serve a copy of the amended complaint, summons, and this Order upon these Defendants as directed by Plaintiff, with all costs of service to be advanced by the United States.

At Camden, New Jersey            s/ Noel L. Hillman
                                     NOEL L. HILLMAN, U.S.D.J.

---

[2] These individual Defendants, who Plaintiff states are a Camden County Prosecutor and Camden County Public Defenders, may be entitled to certain immunities. Because such immunities are not applicable under limited circumstances, the Court will not *sua sponte* address that issue in this screening order. See, e.g., Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992) (explaining that absolute immunity is unavailable where a prosecutor's behavior falls completely outside the prosecutorial role); Udoh v. Moreira, 2018 WL 623676, at *7 (D.N.J. 2018) (citing Gause v. Haile, 559 F. App'x 196, 198 (3d Cir. 2014) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)); Tower v. Glover, 467 U.S. 914, 923 (1984)) (explaining that a public defender is not liable under § 1983 when performing a lawyer's traditional functions, but public defenders may be liable for intentional misconduct if they conspire with state officials to deprive their clients of constitutional rights).