**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

EMMETT F. TAYLOR,

               Plaintiff,

    v.

THE STATE OF NEW JERSEY, THE
OFFICE OF THE CAMDEN COUNTY
PROSECUTOR, THE OFFICE OF THE
CAMDEN COUNTY PUBLIC
DEFENDER, FELICIA FELDER,
UBONG ACKMEN, LUIS MONTOYA,
WILLIAM HARRISON, DIANE
PRICE, and ERIN FAY,

               Defendants.

1:18-cv-11310-NLH-AMD

**OPINION**

---

**<u>APPEARANCES</u>**:

EMMETT F. TAYLOR
3114 VIMY RIDGE AVENUE
NORFOLK, VA 23509-1852
    *Appearing pro se*

BRETT J. HAROLDSON
OFFICE OF THE ATTORNEY GENERAL OF NJ
25 MARKET ST, 7TH FL, WEST WING
PO BOX 116
TRENTON, NJ 08625
    *On behalf of Defendant Diane Price, Esq.*

JESSICA A. JANNETTI SAMPOLI
OFFICE OF THE ATTORNEY GENERAL OF NJ
25 MARKET ST, 7TH FL, WEST WING
PO BOX 116
TRENTON, NJ 08625
    *On behalf of Defendant Erin Fay, Esq.*

**<u>HILLMAN</u>, District Judge**

    This case concerns claims by Plaintiff that he was falsely

arrested for the sexual assault of his niece and improperly held in jail for over three years while enduring pressure by Defendants to accept a plea deal for a crime he alleges he did not commit.  Presently before the Court are motions to dismiss by two of the Defendants, a New Jersey state court prosecutor and an attorney with the Office of the New Jersey Public Defender.  Defendants' motions will be granted.[1]

**BACKGROUND**

According to his complaint, Plaintiff, Emmett F. Taylor, who is appearing *pro se*, was arrested in 2015 by the police in Camden, New Jersey.  Plaintiff was subsequently charged with nineteen counts of aggravated sexual assault and indicted ten months after his arrest.  Over the course of a three-year prosecution, Plaintiff remained incarcerated because he was unable to afford the $250,000 bail set for his release.  During this period of incarceration, Plaintiff had multiple prosecutors and public defenders assigned to his case.[2]

---

[1] Also discussed below, Plaintiff has asserted claims against four other Defendants – Felicia Felder, Ubong Ackmen, Luis Montoya and William Harrison – but service has not been effected on them.  Plaintiff's claims against those Defendants will be dismissed as well.

[2] Plaintiff does not allege how the criminal case against him was resolved.  Because the defenses raised in the instant motions are complete ones, neither further inquiry nor leave to amend is required. See *infra* note 8.

Plaintiff alleges that Defendant, First Assistant Prosecutor Erin Fay, was the "Fourth of three other Prosecutors who are not known to me" maliciously prosecuted him in violation of his Sixth and Fourteenth Amendment rights.  (Docket No. 11 at 1.)  Plaintiff also alleges that Defendant, Diane Price, a public defenders, provided ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights.

Fay has moved to dismiss Plaintiff's claims, arguing that she is entitled to absolute immunity.  In the alternative, Fay argues Plaintiff's complaint otherwise fails to state any cognizable claims against her.

Price has also moved to dismiss Plaintiff's claims, arguing that Plaintiff has failed to show that Price, as a public defender, was acting under color of law.  Price has further argued that Plaintiff has failed to file a notice of claim for his tort claim against her as required by the New Jersey Tort Claims Act ("NJTCA").

Plaintiff did not file an opposition to Defendants' motions.  On April 24, 2020, ten months after Defendants' motions were filed, Plaintiff sent a letter to the Court in which he states that he was not aware of his notice of tort claim obligations under the New Jersey Tort Claims Act until he received a copy of Price's motion.  (Docket No. 24, 25 (duplicate filings of the same letter).)  Plaintiff relates that

3

thereafter on October 14, 2019 he sent a notice of claim to the Attorney General's Office, but they informed him that because his claims were against a county public defender, the Attorney General's Office did not need to be notified of his claim under the NJTCA.  Plaintiff asks that this Court allow his case to move forward.  Plaintiff does not address the other bases for the dismissal of his claims raised in Defendants' motions to dismiss.

## DISCUSSION

### A.   Subject Matter Jurisdiction

Because Plaintiff has brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

### B.   Standard for Motion to Dismiss

Defendants' motion to dismiss Plaintiff's claims based on various immunities is a challenge to this Court's subject matter jurisdiction and is therefore decided under Federal Civil Procedure 12(b)(1).  Cope v. Kohler, 2015 WL 3952714, at *3 (D.N.J. 2015) (citing Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357–58 (3d Cir. 2014)).  Because Defendants mount a facial attack on jurisdiction as opposed to a factual attack, the Court accepts the allegations in the complaint as true and

4

utilizes the standard for dismissal under Rule 12(b)(6), which also governs Defendants' motions to dismiss.  Id. (citing Constitution Party, 757 F.3d at 357–59).

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is enough if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

**C.    Analysis**

This Court has construed Plaintiff's claims as having been brought pursuant to 42 U.S.C. § 1983.  (See Docket No. 2, 9, 12.)  Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).  Thus, "[t]o establish a claim under § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).  In order to properly plead a claim against an individual government defendant in a civil rights action, the complaint must indicate how that defendant had personal involvement in the alleged wrongdoing, which can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

7

**A.   Plaintiff's claims against Defendant Fay**

Plaintiff claims that Fay maliciously prosecuted him in violation of his Sixth and Fourteenth Amendment rights when he was charged and prosecuted in 2015 through 2018 for an allegedly false claim of sexual assault.  Plaintiff pleads: "I was then constantly being bombarded and pressured to accept a plea deal . . . this went on for 3 years and 14 days . . . both by my Public Defenders and acting Prosecutors.  I repeatedly refused every deal and offer stating that I would not plead . . . to crimes I did not commit."  (Docket No. 11 at 3.)  The only allegation specific to Fay is that she was the "fourth of three other Prosecutors who are not known to me."  (Id. at 1.)

Plaintiff's claims against Defendant Fay fail for several reasons:

1.  Plaintiff does not indicate in his complaint whether he is suing Fay in her official or individual capacity.  To the extent that Plaintiff has asserted his claims against Fay in her official capacity, such claims are barred under the Eleventh Amendment.  See Betts v. New Castle Youth Development Center, 621 F.3d 249, 254 (3d Cir. 2010) (explaining that because state governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment, individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because official-capacity suits

8

generally represent only another way of pleading an action against the state); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983); Grohs v. Yatauro, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (citing Will, 491 U.S. at 65-66) ("The state's sovereign immunity [] is preserved under Section 1983; a state is therefore not a "person" who may be sued under Section 1983."); Wright v. State, 778 A.2d 443, 462 (N.J. 2001) (explaining that when county prosecutors perform their law enforcement function, they act as agents of the State).

2.  If Plaintiff has intended to pursue his claims against Fay in her individual capacity, Fay is entitled to immunity under the absolute immunity doctrine.  Prosecutors are afforded absolute immunity for acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case."  Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976))) (recognizing that absolute immunity applies to all activities intimately associated with prosecutorial duties).

Plaintiff bases his claims against Fay on her prosecution of Plaintiff's allegedly false sexual assault charge. Plaintiff's complaint does not contain any allegations that Fay

acted outside of her professional capacities.  Fay is therefore entitled to absolute immunity to Plaintiff's claims against her.

3.  Even if Fay were not afforded immunity, Plaintiff's complaint fails under the Twombly/Iqbal standard.  Plaintiff alleges that Fay is liable for the injuries he suffered during the three years he spent in prison for the assault charges against him.

*Pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

Mere recitals of the elements of a claim, supported by conclusory statements, will not result in a prima facie claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Likewise, under Fed. R. Civ. P. 8, a plaintiff must present the grounds for his claim and this presentation must consist of more than labels and

10

conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although reviewing courts must accept the plaintiff's factual allegations as true, the plaintiff's conclusory allegations and legal conclusions are not entitled to the same assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007) (quoting Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)) (conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent dismissal). In the present case, Plaintiff pleads no other claims against Fay specifically, but instead against the Prosecutor's Office in general. And with regard to the narrow allegations against Fay that she merely repeatedly offered him the opportunity to plead guilty, an allegation which standing alone does amount to a plausible claim of a violation of the Constitution. This is insufficient to meet the proper pleading standards.

In sum, Plaintiff's claims against Fay are barred by the doctrine of absolute immunity and failure to state a cognizable claim against her. Fay's motion to dismiss Plaintiff's claims against her will be granted.

## B.   Plaintiff's claim against Defendant Price

Plaintiff claims that Price provided ineffective assistance of counsel and committed gross negligence while acting as his

court-appointed counsel in violation of his Sixth and Fourteenth
Amendment rights.  Plaintiff pleads: "She seemed to be working
more for the prosecutors . . . trying to convince me to take a
plea deal and offering me no real form of defense against the
false allegations and charges against me."  (Docket No. 11 at
3.)

Plaintiff's claims against Price fail for the following
reasons:

1.  Plaintiff fails to establish that Price was acting
under color of law.  For Plaintiff to succeed on a claim brought
under 42 U.S.C. § 1983, he must plead sufficient facts to
establish this element of his claim against Price.  Black v.
Montgomery Cty., 835 F.3d 358, 364 (3d Cir. 2016).  A public
defender performing a lawyer's traditional function as counsel
to a defendant in a criminal proceeding does not act under color
of law for purposes of § 1983.  Ray v. New Jersey, 219 Fed.
App'x 121, 124 (3d Cir. 2007); Polk Cty. v. Dodson, 454 U.S.
312, 325 (1981).

Although a public defender may be liable under state tort
law for malpractice, see, e.g., Ferri v. Ackerman, 444 U.S. 193,
198 (1979), and under § 1983 under some circumstances (e.g., for
unconstitutional administrative or investigative actions), none
of these exceptions apply when the public defender performs a
lawyer's traditional function as counsel to a criminal

12

defendant.  Polk, 454 U.S. at 325.

For Plaintiff's claims to be successful, he must plead and establish that Price was acting under color of law at some relevant point during her representation of him.  Black, 835 F.3d at 364.  Plaintiff has failed to do so.

Plaintiff alleges that Price was one of several public defenders who represented him while he was being prosecuted for aggravated sexual assault.  There are no allegations suggesting Price ever engaged in administrative or investigative conduct, or that she acted in any way that was inconsistent with her role as a criminal defense attorney.  Even if Plaintiff's contentions that Price provided ineffective assistance of counsel or was negligent were true, she was nonetheless acting in her capacity as a defense attorney.  A plain reading of Plaintiff's constitutional violation claims against Price makes clear that Plaintiff's dissatisfaction with her arises from her work as an attorney, not from any other type of conduct.

There are rare instances where a private actor can be liable under § 1983, but none of them apply here.  For example, a private actor can be liable under § 1983 if her actions were significantly encouraged by the state or the state acted as a joint participant.  Leshko v. Servis, 423 F.3d 337, 340 (3d Cir. 1984).  Alternatively, a state actor can be liable in cases where the actor is controlled by the state or otherwise entwined

13

with government policies or management.  Cruz v. Donnelly, 727
F.2d 79, 80 (3d Cir. 1984).  The second scenario requires proof
that the state "has established a formal procedure or working
relationship that drapes private actors with the power of the
state."  Id. at 82.

Here, none of those unusual exceptions applies.  Within the
complaint, Plaintiff states an opinion that Price seemed to be
"working more for the prosecutors" and not providing the robust
defense to which Plaintiff believed he was entitled. (Docket No.
11 at 3.)  However, conclusory allegations alone are
insufficient to deem Price a state actor by virtue of her
"working more for the prosecutors" especially so when the only
allegation against Price is that she counseled that Plaintiff
accept a offer to plead guilty.  Such advice from a defense
lawyer is commonplace.  Indeed, failure to convey such an offer
by counsel regarding it could itself be ineffective assistance
of counsel.  The mere existence of a plea offer from Fay is
insufficient evidence of some kind of overbearing collusion
between Fay and Price and only explains that Price had a plea
offer from the prosecutor to discuss with Plaintiff.
Plaintiff's allegation regarding the giving of advice regarding
such an offer does not, without more, give rise to a plausible
claim.

Moreover, a private person acting under color of law by

14

virtue of conspiring with a state actor cannot be liable unless the state actor can also be liable.  Boyer v. Mohring, 994 F. Supp. 2d 649, 659 (E.D. Pa. 2014) (citing Waits v. McGowan, 516 F.2d 203 (3d Cir. 1975) (quoting Hill v. McClellan, 490 F.2d 859, 860 (5th Cir. 1974); McIntosh v. Garofalo, 367 F. Supp. 501, 505 (W.D. Pa. 1973))).  One of those purported state actors, Fay, is entitled to prosecutorial immunity as the Court found above.  Because Fay has absolute immunity for the claim alleged by Plaintiff, Price cannot be liable either.  Boyer, 994 F. Supp. 2d at 659; Waits, 516 F.2d 203; Hill, 490 F.2d at 860; McIntosh, 367 F. Supp. at 505 (W.D. Pa. 1973).

The amended complaint fails to allege that Price was acting in any capacity other than that of Plaintiff's criminal defense attorney.  As such, Price cannot be considered a state actor for purposes of § 1983.  Accordingly, Price's motion to dismiss Plaintiff's constitutional violation claims against her must be granted.

2.  Plaintiff claims that as one of his public defenders, Price committed "gross negligence" by failing to provide him with effective and meaningful counsel.  The Court has construed this claim to sound under state law.[3]  Plaintiff claims the

---

[3] "[I]neffective assistance of appointed counsel in representing a defendant is not actionable under § 1983."  Brown v. Mellaci, 2017 WL 3872326, at *3 (D.N.J. 2017) (quoting Smart v. Admin. Office of the Courts, No. CV 14-4303 (FLW), 2016 WL 632230, at

following against Price:

> The Camden County Office of the Public Defender was equally
> guilty, with the repeated gross negligence of providing me
> with effective and meaningful assistance of defense
> counsel. In the three years of my incarceration I have had
> five public defenders and four prosecutors: also add the
> blatant disregard to my Due Process of Law, the rights that
> should have been guaranteed to me as stated in the 14th
> Amendment, and the sixth Amendment of the United States
> Constitution; these rights have been gravely violated and
> denied to me. Of the five different Public defenders, not
> one has offered or given me an effective and meaningful
> counsel in fact they were all just another extension of the
> prosecutor's office digging for information to destroy my
> life and advising me to accept a plea deal or plea bargain.
> I have rarely seen or spoke to any of the public defender
> in my case, and when I did see or speak to any of them they
> were inadequate, unprofessional and ineffective. Two of the
> public defenders Luis Montoya and William Harrison the last
> two prior to Diane Price were called back into the office
> off their retirement which made their integrity highly
> suspect and questionable at the very least. Out of the five
> Public Defenders I must say that Diane Price seemed to be
> the most professional and has spent more time speaking to
> me in the three or four months that she was assigned to my
> case; she had seen and spoke to me more in that short time
> than all the other four PD'S in three years combined,
> however even she seemed she was working more for the
> Prosecutors why trying to convince me to take a plea deal
> and offering no real form of defense against the false
> allegation and charges against me.

(Docket No. 1 at 3.)

Price argues that Plaintiff's tort claims against her fail

because Plaintiff has failed to comply with the New Jersey Tort

Claims Act ("NJTCA"), N.J.S.A. 59:1-1 to 12-3, which requires

---

*7 (D.N.J. Feb. 17, 2016) (citing Introcaso v. Meehan, 338 F.
App's 139, 142 (3d Cir. 2009)).

written pre-suit notice of such a claim within 90 days, but no later than one year, after such a claim accrues.  As the Court noted in a prior Opinion, however, the Court is precluded from dismissing Plaintiff's state law claim on that basis on a defendant's motion to dismiss.[4]  (Docket No. 9 at 7-8 n.6, citing Castro v. Atlantic County, 2018 WL 3122065, at *9 (D.N.J. 2018) (explaining that the text of the NJTCA does not require that a plaintiff's compliance with the statute must be pleaded in a complaint in order to satisfy its procedural requirements, and instead, compliance with the NJTCA is an affirmative defense a defendant must aver in its answer).)

The Court will nonetheless dismiss Plaintiff's state law tort claims by declining to continue exercising supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c).  "Section 1367(c) grants district courts the discretion to refuse to exercise supplemental jurisdiction when 'values of judicial economy, convenience, fairness, and comity' counsel that the district court remand state claims to a state forum."  Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157 (3d Cir.

---

[4] Because the Court will not consider the substance of Price's argument that Plaintiff's failure to comply with the NJTCA warrants the dismissal of his claims, the Court need not consider the import of Plaintiff's contention in his April 24, 2020 letter that he was unaware of his obligations under the NJTCA until Price filed her motion and he thereafter attempted to satisfy his notice obligations.

17

1998) (quoting City of Chicago v. International College of Surgeons, 522 U.S. 156, 167 (1997)) (other citation omitted) ("The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking.").  Section 1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
>> (1) the claim raises a novel or complex issue of State law,
>>
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>>
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  The Third Circuit "has made clear that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'"  Jacobowitz v. M & T Mortg. Corp., 372 F. App'x 225, 228–29 (3d Cir. 2010) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis in original)).

18

The Court has dismissed all the claims over which it had original jurisdiction.[5]  The only remaining claim is against Price, a state public defender, arising under state law for her representation of Plaintiff in a New Jersey state court, and this matter is in the earliest stages of litigation.  Therefore, there are no considerations of judicial economy, convenience, and fairness to the parties that provide an affirmative justification for retaining jurisdiction over the matter.

Thus, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim under § 1367(c)(2) and (3).[6]  See, e.g., Stackhouse v. Lanigan, 2013 WL 6145665, at *8 (D.N.J. 2013) (declining to continue exercising subject matter jurisdiction over the plaintiff's state-law claims against his public defenders for "ineffective assistance of counsel" after the court had dismissed his federal claims); Luna v. Weiner, 2006 WL 1517747, at *6 (D.N.J. 2006) (declining to continue exercising subject matter jurisdiction over the plaintiff's state-law claims against his attorney for "ineffective assistance of counsel," "abandonment" and

---

[5] See, infra, Section C regarding Plaintiff's failure to serve the other four defendants.

[6] As the Court previously noted, subject matter jurisdiction cannot be based on 28 U.S.C. § 1332(a) because Plaintiff and the individual defendants are all citizens of New Jersey.  (Docket No. 9 at 9 n.7.)

"negligence" after the court had dismissed his federal claims).

### C. Plaintiff's claims against Defendants Ubong Ackmen, Felecia Felder, William Harrison, and Luis Montoya

Plaintiff's claims against Defendants Ubong Ackmen, Felecia Felder, William Harrison, and Luis Montoya will be dismissed for Plaintiff's failure to comply with Federal Civil Procedure Rule 4(m).  Rule 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Showing good cause "'requires a demonstration of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified by the rule.'" John Vorpahl v. The Kullman Law Firm, 2018 WL 813879, at *2 (D.N.J. Feb. 8, 2018) (quoting Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004)) (other citations omitted).

Three factors are considered when determining whether good cause exists: "'(1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve.'"  Id. (quoting MCI Telecommunications Corp. v.

20

Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)) (other citations omitted).  Even if a plaintiff fails to show good cause, however, the district court must still consider whether any additional factors warrant a discretionary extension of time.  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995).

Plaintiff has not provided the Court with any information as to why he has not served Defendants Ackmen, Felder, Harrison, and Montoya.  The Docket reflects that on March 19, 2019, the summonses were returned as unexecuted on these Defendants, and it does not appear that Plaintiff has made any further efforts to effect service on them.[7]  Thus, Plaintiff's lack of compliance with Rule 4(m) warrants the dismissal of his claims against Ubong Ackmen, Felecia Felder, William Harrison, and Luis Montoya without prejudice.

---

[7] When Plaintiff filed his complaint, he submitted an application to proceed without prepayment of fees ("in forma pauperis" or "IFP application") under 28 U.S.C. § 1915, and his complaint was therefore subject to sua sponte screening by the Court, see 28 U.S.C. § 1915(e)(2)(B).  The Court granted Plaintiff's IFP application (Docket No. 7), and ordered the Clerk to mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms") (Docket No. 12).  It appears that Plaintiff returned the 285 Forms to the Marshal, who then attempted service, but the Marshal was unable to do so for the reasons indicated on the 285 Forms, which was that none of these Defendants were currently employed by Public Defender's Office.  (Docket No. 17.)

## CONCLUSION

For the reasons expressed above, Plaintiff's constitutional claims against Fay and Price must be dismissed with prejudice.[8] Plaintiff's claims against Ackmen, Felder, Harrison, and Montoya must be dismissed without prejudice for his failure to timely effect service on them.  The Court will decline to exercise supplemental jurisdiction over Plaintiff's sole remaining state law claim against Price and will dismiss that claim without prejudice.  An appropriate Order will be entered.


Date: __May 26, 2020__              s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[8] Even though the Third Circuit "supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim," the caveat to that notion is that leave to amend should not be provided "if doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  It is evident that permitting Plaintiff to file an amended complaint to reassert his constitutional violation claims against Fay and Price would be futile.  As a result, Plaintiff's claims against these Defendants will be dismissed with prejudice.  Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania, 877 F.3d 487, 494 (3d Cir. 2017) (upholding the district court's dismissal of the plaintiff's claims with prejudice and not providing the plaintiff with leave to amend because the plaintiff had not proposed any amendments that would cure the fundamental deficiency in his claims and it did not appear that he could do so); Yoder v. Morrow, 671 F. App'x 27, 29 (3d Cir. 2016) (citing United States ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)) (agreeing with the district court that amendment of the complaint would be futile, and therefore finding that the district court did not err when it dismissed the complaint with prejudice).

22